UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOUGLAS LEIGHTON, ) <br> AZURE CAPITAL CORP., ) <br> BASS POINT CAPITAL, LLC, ) <br> MICHAEL SULLIVAN, ) <br> DAVID HALL, ) <br> ZACHARY HARVEY, ) <br> PAUL DUTRA, ) <br> JASON HARMAN, and ) <br> JESSICA GERAN, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-10686 |

**FINAL JUDGMENT AS TO DEFENDANT PAUL DUTRA**

The Securities and Exchange Commission having filed a Complaint and Defendant Paul Dutra having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13(d) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1] by failing to file with the Commission a statement containing the

1

information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragtaph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 promulgated thereunder [17 C.F.R. § 240.16a-3] by failing to file information, documents, and reports as required pursuant to Section 16(a) of the Exchange Act and Rule 16a-3, in the absence of any applicable exemption, when Defendant is, directly or indirectly, the beneficial owner of more than 10 percent of any class of any equity security (other than an exempted security) which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or is a director or an officer of an issuer of such security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragtaph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $23,694, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,212.92, and a civil penalty in the amount of $15,000 pursuant to 15 U.S.C. § 78u(d).  Defendant shall satisfy this obligation by paying $43,906.92 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Paul Dutra as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the

4

civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

Defendant shall pay the total of disgorgement, prejudgment interest, and civil penalty due of $43,906.92 in five installments to the Commission according to the following schedule: (1) $15,000, within 30 days of entry of this Final Judgment; (2) $7,226.73 within 90 days of entry of this Final Judgment; (3) $7,226.73 within 180 days of entry of this Final Judgment; (4) $7,226.73 within 270 days of entry of this Final Judgment; and (5) $7,226.73 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 3, 2020

_____
UNITED STATES DISTRICT JUDGE