UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOUGLAS LEIGHTON, AZURE CAPITAL CORP., BASS POINT CAPITAL, LLC, MICHAEL SULLIVAN, DAVID HALL, ZACHARY HARVEY, PAUL DUTRA, JASON HARMAN, and JESSICA GERAN, )<br>)<br>Defendants. ) | Case No. 1:20-cv-10686-RGS |

### ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR AND AUTHORIZING THE SEC TO APPROVE PAYMENT OF THE TAX OBLIGATIONS OF THE FAIR FUND AND THE RELATED FEES AND EXPENSES OF THE TAX ADMINISTRATOR WITHOUT FURTHER COURT ORDER

The Court, having reviewed the Motion of Plaintiff Securities and Exchange Commission ("SEC") to establish a Fair Fund, appoint Heffler, Radetich & Saitta, LLP ("HRS") as tax administrator ("Tax Administrator"), and authorize payment of the tax obligations and related fees and expenses of the Tax Administrator (the "Motion") and for good cause shown,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. Pursuant to Section 308(a) of the Sarbanes Oxley of 2002, as amended [15 U.S.C. § 7246(a)], a Fair Fund (the "Fair Fund") for the $1,451,947.75 collected from Defendants pursuant to the June 3, 2020 Final Judgments, plus accrued interest and earnings, currently held by the SEC.

1

3. HRS is appointed Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, for the Fair Fund.

4. HRS shall be designated the Tax Administrator of the Fair Fund, pursuant to Section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Fair Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Fair Fund. Upon request, the Tax Administrator shall provide copies of any filings to the SEC's counsel of record.

5. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Fair Fund, submit a request to the SEC's counsel of record for payment from the Fair Fund of any tax obligations of the Fair Fund.

6. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the SEC for the Tax Year 2025. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a request to the SEC's counsel of record for payment of fees and expenses from Fair Fund.

7.  The SEC is authorized to approve and arrange payment of all tax obligations owed by the Fair Fund and the fees and expenses of the Tax Administrator directly from the Fair Fund without further approval of this Court. All payments for taxes and the fees and expenses of the Tax Administrator shall be reported to the Court in a final accounting.

**IT IS SO ORDERED.**

Dated: 2-27-25.

*/s/ Richard G. Stearns*
United States District Court Judge